

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: PAUL DEN BESTE and MELODY DEN BESTE, <br><br> Debtors, <br><br> ――――――――――――― <br><br> PAUL DEN BESTE, <br><br> Appellant, <br><br> v. <br><br> MANDY POWER, DBA Judgment Enforcement USA, <br><br> Appellee. | Nos. 12-60079 <br> 12-60080 <br><br> BAP Nos. 12-1087 <br> 12-1180 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Pappas, and Markell, Bankruptcy Judges, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

――――――――――――――――――――

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes these cases are suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In these consolidated appeals, Paul Den Beste, a chapter 7 debtor, appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order denying Den Beste's motion to dismiss the adversary proceeding and its post-trial decision that Den Beste was not entitled to a discharge under 11 U.S.C. § 727(a)(4)(A) and (a)(2)(B). We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

In appeal no. 12-60079, the bankruptcy court properly denied the debtors' motion to dismiss because appellee had standing as a creditor to file an adversary proceeding objecting to Den Beste's discharge. *See* 11 U.S.C. § 727(c)(1) (creditor may object to discharge under § 727(a)).

In appeal no. 12-60080, the bankruptcy court did not commit clear error in finding that the debtors knowingly and fraudulently made material false oaths when they failed to disclose on their bankruptcy schedules numerous assets, including their interests in vehicles, a family trust, and their lawn and garden business, and thus it properly denied the debtors' discharge under 11 U.S.C. § 727(a)(4)(A). *See Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1197-99 (9th Cir. 2010) (requirements for denying debtor a discharge under § 727(a)(4)(A)).

The bankruptcy court did not commit clear error in finding that the debtors' behavior also concealed property of the estate with the intent to hinder, delay or defraud a creditor, and hence properly denied the debtors' discharge under 11 U.S.C. § 727(a)(2)(B). *See In re Retz*, 606 F.3d at 1200, 1203-04 (requirements for denying debtor a discharge under § 727(a)(2)(B), giving great deference to bankruptcy court's determinations about the credibility of witnesses, and noting that debtor's chance for a fresh start is conditioned on full and truthful disclosure).

We reject as unsupported by the record Den Beste's contentions that he was denied due process.

Power's motion to dismiss both appeals for failure to supply the excerpts of record, set forth in her answering brief, is denied. *See* 9th Cir. R. 30-1.2.

**AFFIRMED.**